UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FREDRICK PULLUM, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CAUSE NO. 1:05-CV-365-TS |
| v. | ) |
| | ) |
| JAMES HERMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Fredrick Pullum, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

USDC IN/ND case 1:05-cv-00365-TLS-RBC   document 4   filed 10/25/05   page 2 of 4

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Pullum alleges that as a pre-trial detainee he was required to sleep on the floor for ten days and that this caused him to have back pain and rapid fluctuations in blood pressure. He alleges that sleeping less than six inches above the toilet is a violation of his rights. He also alleges that he slept four feet from a toilet. Mr. Pullum attaches medical paperwork indicating that he had high blood pressure and that he had used cocaine for many years—recently, "everyday, all day". The chart indicates that while in the jail his blood pressure was checked every day, sometimes twice a day, for the preceding month.

Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

2

Sleeping on the floor was inconvenient and unpleasant, but it did not deprive Mr. Pullum of the minimal civilized measure of life's necessities. Though he alleges that sleeping on the floor caused him to have back pain and fluctuations in his blood pressure, the bunk the Plaintiff aspired to in the Allen County Jail is "nothing more than a suspended steel platform, and this can hardly be characterized as any great improvement over a concrete floor." *Roop v. Squadrito*, 70 F. Supp. 2d 868, 874 (N.D. Ind. 1999) (citations and quotation marks omitted). Mr. Pullum does not allege and, on the basis of this complaint, it would not be reasonable to infer that he was denied a mat to sleep on. Rather his complaint merely alleges that he was assigned a space on the floor, instead of a bunk, for ten days. Neither sleeping on the floor, nor sleeping lower than a toilet, nor sleeping four feet from a toilet deprived him of the minimal civilized measure of life's necessities.

Mr. Pullum's high blood pressure is a serious medical need. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Here, Mr. Pullum's high blood pressure was being monitored daily, sometimes twice daily, by medical staff. The Sheriff was not deliberately indifferent where Mr. Pullum was under daily medical supervision and he was moved off of the floor after a total of only 10 days.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).

3

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED on October 25, 2005.

                                                                  S/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT